DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that awarded legal custody of two-year-old Mikaela B. to her maternal aunt and uncle. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Frances B., Mikaela B.'s natural mother, sets forth the following assignment of error:
 "I. THAT THE JUVENILE COURT ERRED IN THAT THE EVIDENCE LACKED THE CLEAR AND CONVINCING STANDARD THAT MOTHER HAS NOT SHOWN SUBSTANTIAL IMPROVEMENT AND WOULD NOT BE ABLE TO ADEQUATELY PARENT IN THE NEAR FUTURE AS REQUIRED BY O.R.C. 2151.414."
The facts that are relevant to the issues raised on appeal are as follows. Authorities were unable to locate Mikaela's natural father at any time during the pendency of this case and he has not appealed the trial court's decision. Mikaela was born on January 21, 1999. On September 10, 1999, appellee Lucas County Children Services Board ("LCCS") requested emergency shelter care of Mikaela. The request was granted and on September 13, 1999, LCCS filed a complaint in dependency and neglect. The trial court awarded temporary custody of Mikaela to LCCS and Mikaela was placed in foster care. A reunification plan was formulated which called for appellant to keep all appointments with her psychiatrist and take her prescribed medications, reinitiate services with Harbor Behavioral Healthcare, and attend parenting classes. In November 1999, Mikaela was placed with her maternal aunt and uncle who live in Brighton, Michigan. On January 12, 2000, the trial court adjudicated Mikaela to be a dependent child, continued temporary custody with LCCS, and gave appellant supervised visitation with her daughter.
On July 17, 2000, LCCS filed a motion for transfer of legal custody of Mikaela to her aunt and uncle. A hearing was held on the motion and testimony was heard from numerous witnesses, including a psychiatrist and a psychologist who had treated appellant, a clinical therapist, several parenting instructors, appellant's caseworker, several visitation supervisors, and other individuals who had contact with appellant, as well as from appellant herself. The evidence presented indicated a history of substance abuse, including intravenous dilaudid, crack cocaine, heroin and LSD. Testimony was heard as to appellant's emotional problems, how they were addressed in therapy, and her progress on those issues. Mental health professionals agreed that appellant has problems with anger control, poor judgment and impulsivity. They also agreed that appellant suffers from borderline personality disorder, which is very difficult to treat and could require years of therapy before any improvement. One psychiatrist testified that appellant had made very little progress in therapy and did not appear to be dealing with her problems. Several other witnesses testified as to highly inappropriate behavior they have witnessed on appellant's part, both in and out of the presence of her daughter, that they attributed to her anger control problem. Appellant's caseworker testified that although appellant was complying with her case plan at that time she had not shown sufficient improvement for the agency to say that Mikaela would not be at risk in her care. Two nurses who conduct parenting and baby care classes testified that appellant attended their classes when Mikaela was an infant and appeared to be interested and attentive. The record included detailed reports from the children's services worker who supervised appellant's visits with Mikaela in Michigan in which the social worker stated that she fully supported an award of legal custody to Mikaela's aunt and uncle.
This court notes that the guardian ad litem for Mikaela stated that she did not believe that appellant presented a danger to her daughter or any other child and recommended that Mikaela be returned to her mother.
On November 29, 2000, the magistrate filed a report awarding legal custody of Mikaela to her aunt and uncle. The magistrate ordered that appellant would have visitation with Mikaela as the parties agreed, subject to appellant maintaining treatment for her anger control problem. Appellant filed objections to the magistrate's decision and on July 30, 2001, the trial court adopted the decision of the magistrate.
On appeal, appellant asserts that LCCS did not present clear and convincing evidence to support an award of legal custody to Mikaela's aunt and uncle.
Pursuant to R.C. 2151.353(A)(3), the trial court, in its sound discretion, may award legal custody of a child who has been adjudicated neglected or dependent to a person other than the child's parents. Inthe matter of: Guedel S. (Jun. 16, 2000), Lucas App. No. L-99-1343, unreported. Matters within the court's discretion will not be reversed absent an abuse of that discretion. An abuse of discretion is more than just an error of law or judgment; the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the magistrate made specific factual findings as to incidents in which appellant reacted with inappropriate and irrational anger; that appellant's problems with anger management will take months or years to address successfully; that Mikaela is doing well in her aunt and uncle's home; that it is in Mikaela's best interest that she be provided with a safe, stable and legally secure placement as soon as possible; and that her aunt and uncle, with whom she had been living for nearly a year, could provide the best home for her under the present circumstances. These findings are supported by the record, which this court has thoroughly reviewed. The magistrate then concluded, in conformity with the recommendations of the caseworker, that it was in Mikaela's best interest for legal custody to be given to her aunt and uncle. The juvenile judge reviewed the decision and adopted it. After thoroughly reviewing the record of this case, we find that the decision is not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.